# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL NO. 3:08CV340-MR-DSC

| | |
|---|---|
| KIMBERLY N. LYNCH,      ) | |
|           ) | |
|      **Plaintiff,**      ) | |
|           ) | |
|      vs.      ) | **MEMORANDUM AND ORDER** |
|           ) | |
| NOVANT MEDICAL GROUP, INC.,      ) | |
| d/b/a PRESBYTERIAN REGIONAL      ) | |
| HEALTHCARE CORPORATION,      ) | |
|           ) | |
|      **Defendant.**      ) | |
|           ) | |
|           ) | |

**THIS MATTER** is before the Court on "Defendant's Motion to Compel Discovery Responses, Deposition and Initial Disclosures ..." (document #15) filed April 15, 2009. The pro se Plaintiff has not responded to Defendant's Motion and the time for responding has expired.

This is an action seeking damages and injunctive relief for discrimination based on Plaintiff's race and age in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e ("Title VII"); and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq..

Relevant to the subject Motion to Compel, on January 12, 2009, the Magistrate Judge to whom this case was then referred (the Honorable Carl Horn, III) entered the Pretrial Order and Case Management Plan (document #8) which required, among other things, that the parties exchange Rule 26(a)(1) Initial Disclosures on or before February 23, 2009.[1]

On February 5, 2009, Plaintiff's then-counsel, Lena Watts-Robinson, filed her "Motion to

---

[1]On April 2, 2009, this matter was referred to the undersigned Magistrate Judge.

Withdraw as Attorney of Record" (document #10).

On February 12, 2009, Judge Horn conducted the Initial Pretrial Conference ("IPC") in chambers with the parties' counsel. Plaintiff, who arrived in chambers after the IPC was concluded, informed Judge Horn's chambers' staff that she consented to Ms. Watts-Robinson's withdrawal and that she intended to retain substitute counsel. See "Order" at 1 (document #13). Accordingly, Judge Horn granted Ms. Watts-Robinson's Motion to Withdraw. Id at 2. In the same Order, Judge Horn "advised and cautioned" Plaintiff as follows:

> [R]egardless of whether or when [Plaintiff] retains new counsel, she will be expected and required to conduct discovery, respond to discovery requests from the Defendant, and generally carry out any other duties and responsibilities related to this litigation with all diligence, including complying with the Local Rules, the Federal Rules of Civil Procedure, the Pretrial Order and Case Management Plan, and other Orders of the Court, on or before the expiration of the appropriate deadlines.

Id. at 1-2.

On February 23, 2009, Defendant served on the now pro se Plaintiff its Initial Disclosures, along with its First Set of Interrogatories and Request for Production of Documents. In the cover letter accompanying these discovery items, defense counsel also requested that Plaintiff serve her Initial Disclosures and that she provide defense counsel with a list of possible dates for Defendant to take Plaintiff's deposition. In the subject Motion to Compel, Defendant credibly represents that Plaintiff has not served her Initial Disclosures, responded to Defendant's written discovery requests, or contacted defense counsel concerning her deposition.

On March 23, 2009, Plaintiff submitted a letter to the Clerk of Court in which she requested "an extension [of the time for taking her deposition] so [she] c[ould] continue to seek an attorney." The Clerk docketed this letter as a "Motion for Extension of Time" (document #14). Through her

unwillingness to communicate with defense counsel or otherwise comply with her discovery

obligations, Plaintiff has delayed her deposition for at least sixty days.  Accordingly, her Motion for

Extension will be <u>denied as moot</u>.

> Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:
>
> Parties may obtain discovery regarding any matter, not  privileged, which is relevant
> to the subject matter involved in the pending action, whether it relates to the claim
> or defense of the party seeking discovery or to the claim or defense of any other
> party, including the existence, description, nature, custody, condition, and location
> of any books, documents, or other tangible things and the identity and location of
> persons having knowledge of any discoverable matter.  The information sought need
> not be admissible at the trial if the information sought appears reasonably calculated
> to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. <u>See</u> <u>Herbert v. Lando</u>, 441

U.S. 153, 177 (1979); <u>and</u> <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947).  However, a litigant is not

entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing

party.  <u>See</u>  Fed. R. Civ. P. 26(c)

Whether to grant or deny a motion to compel discovery is generally left within the District

Court's broad discretion. <u>See, e.g.</u>, <u>Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.</u>, 43

F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of

discretion); <u>Erdmann v. Preferred Research Inc.</u>, 852 F.2d 788, 792 (4th Cir. 1988) (noting District

Court's substantial discretion in resolving motions to compel); <u>and</u> <u>LaRouche v. National</u>

<u>Broadcasting Co.</u>, 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

The Fourth Circuit has emphasized the significance of establishing a history of dilatory action

<u>and</u> warning to the offending party of what may follow prior to imposing monetary sanctions or

dismissing the action for failure to comply with discovery obligations.  <u>See, e.g.</u>, <u>Hathcock v.</u>

Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin &

Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953

(4th Cir. 1987).

Applying these legal principles to this case, the undersigned will grant Defendant's Motion

to Compel and order Plaintiff to respond to Defendant's First Set of Interrogatories and Request for

Production of Documents, serve her Initial Disclosures, and appear for her deposition.   Moreover,

the Court specifically warns Plaintiff that any further failure to respond to Defendant's discovery

requests or serve her Initial Disclosures, to appear for her deposition, to otherwise respond to

Defendant's reasonable discovery requests, or to comply with this Court's Orders, the Local Rules,

or the Rules of Civil Procedure will result in the imposition of sanctions. **Sanctions can include**

**Plaintiff being required to pay Defendant's costs, including reasonable attorney's fees, and**

**may also include dismissal of this lawsuit with prejudice**.

**NOW THEREFORE, IT IS ORDERED:**

1.  Plaintiff's "Motion for Extension of Time" (document #14) is **DENIED AS MOOT**.

2.  "Defendant's Motion to Compel Discovery Responses, Deposition and Initial Disclosures

..." (document #15) is **GRANTED**, that is:

a. Plaintiff shall serve complete responses to the  Defendant's First Set of Interrogatories and

Request for Production of Documents and her Initial Disclosures on or before May 31,  2009.

b.  Plaintiff shall appear for her deposition at a mutually agreed date, time and place on or

before June 15, 2009, provided that if the parties are unable to agree as to a date, time and/or place,

the deposition shall be conducted at the date, time, and place noticed by Defendant.

3.  The Clerk is directed to send copies of this Order <u>to the pro se Plaintiff  Kimberly N.</u>

<u>Lynch, 1636 Oaklawn Avenue, Charlotte, North Carolina 28216</u>; to counsel for Defendant; <u>and to</u>

<u>the Honorable Martin K. Reidinger</u>.


**SO ORDERED**.

Signed: May 5, 2009

David S. Cayer
United States Magistrate Judge
