# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL NO. 3:08CV340-MR-DSC

| | |
|---|---|
| KIMBERLY N. LYNCH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NOVANT MEDICAL GROUP, )<br>INC., d/b/a PRESBYTERIAN )<br>REGIONAL HEALTHCARE )<br>CORPORATION, )<br>)<br>Defendant. )<br>)<br>_____ ) | **MEMORANDUM AND RECOMMENDATION<br>AND ORDER** |

**THIS MATTER** is before the Court on a letter submitted by the pro se Plaintiff seeking leave to "reanswer" the Defendant's discovery requests, which the Clerk docketed as a "Motion to Amend/Correct ..." (document #17) filed June 15, 2009; and "Defendant's Motion for Sanctions Pursuant to Rule 37(b)(2)" (document #18) filed June 19, 2009; and the parties' associated briefs and exhibits. See documents ## 19-22.

This is an action seeking damages and injunctive relief for discrimination based on Plaintiff's race and age in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e ("Title VII"); and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq..

On May 5, 2009, the undersigned granted "Defendant's Motion to Compel Discovery Responses, Deposition and Initial Disclosures ..." (document #15), ordering Plaintiff to

> a. ... [S]erve complete responses to the Defendant's First Set of Interrogatories and Request for Production of Documents and her Initial Disclosures on or before May 31, 2009. [and]
>
> b. ... appear for her deposition at a mutually agreed date, time and place on or before June 15, 2009, provided that if the parties are unable to agree as to a date, time and/or place, the deposition shall be conducted at the date, time, and place noticed by Defendant.

"Memorandum and Order" at 4 (document #16) (emphasis in original).

As the undersigned has previously noted, when the Magistrate Judge to whom the case was then referred (the Honorable Carl Horn, III) allowed Plaintiff's counsel to withdraw from this matter with Plaintiff's consent, the Court "advised and cautioned" Plaintiff as follows:

> [R]egardless of whether or when [Plaintiff] retains new counsel, she will be expected and required to conduct discovery, respond to discovery requests from the Defendant, and generally carry out any other duties and responsibilities related to this litigation with all diligence, including complying with the Local Rules, the Federal Rules of Civil Procedure, the Pretrial Order and Case Management Plan, and other Orders of the Court, on or before the expiration of the appropriate deadlines.

"Order" at 1-2 (document #13).

Moreover, when the undersigned granted the Defendant's Motion to Compel, the Court issued a stern warning as follows::

> [T]he Court specifically warns Plaintiff that any further failure to respond to Defendant's discovery requests or serve her Initial Disclosures, to appear for her deposition, to otherwise respond to Defendant's reasonable discovery requests, or to comply with this Court's Orders, the Local Rules, or the Rules of Civil Procedure will result in the imposition of sanctions. **Sanctions can include Plaintiff being required to pay Defendant's costs, including reasonable attorney's fees, and may also include dismissal of this lawsuit with prejudice**.

"Memorandum and Order" at 4 (document #16) (emphasis in original). For a complete statement of the factual and procedural background, see Document #16 at 1-3.

To date, Plaintiff has not produced her Initial Disclosures as required by Rule 26(a)(1) and the Court's May 5 Memorandum and Order.

On May 31, 2009, Plaintiff delivered to defense counsel a document entitled "Memorandum and Response," which purported to respond to Defendant's First Set of Interrogatories and Request for Production of Documents. <u>See</u> Plaintiff's "Motion to Amend/Correct ..." at 2-9 (document #17). In her "Memorandum and Response," Plaintiff acknowledged that she has documents and information relevant to this dispute, but refused to answer adequately many interrogatories, produced only two documents, and failed to verify her responses.

For example, Plaintiff provided the following responses to Interrogatories 2, 3, 5, 7, 10, and 12 (emphasis added):

> **INTERROGATORY #2**: Identify all persons, other than your attorneys, with whom you have had any communications regarding alleged discrimination by Novant of you or any other person.
>
> **RESPONSE**: I have collaborated with several agencies both public and private, medical and or otherwise, for the support of my lawsuit, in which they have pledged support. With respect to my lawsuit and the confidence they have in favor of my case. Those of which I have pledged to stay liberties of revealing their personal information until they are called upon for that said support, **for fear of possible threats, duress, or coercion from parties involved in my lawsuit and or otherwise. Therefore there will be restraint**.
>
> **INTERROGATORY #3**: With respect to your allegations of intentional and negligent infliction of emotional distress, please identify all physicians or health care providers from whom you sought or received treatment, counseling or medication including the name of the health care provider, the date of the treatment. Also, please identify all records, including prescriptions, which refer or relate to the treatment.
>
> **RESPONSE**: Please refer to Response #2.
>
> **INTERROGATORY #5**: With respect to the allegations contained in Paragraph 13 of your Complaint, please identify all facts and evidence which support your contentions that Novant imposed discipline in a discriminatory fashion.

3

      **RESPONSE**: Please refer to Response #3.

      **INTERROGATORY #7:** Identify all persons with knowledge of the allegations set forth in the Complaint.

      **RESPONSE**: Please refer to Response #2.

      **INTERROGATORY #10**: Identify all expert witnesses whom you have retained and/or intend to call as witnesses in this matter as required by Rule 26.

      **RESPONSE**: Please refer to Response #2.

      **INTERROGATORY #12**: With regard to the allegations contained in Paragraph 19 of your Complaint, please identify with specificity to whom you reported the discriminatory practice you allege took place. Please include the name of person to whom you reported, the date and the content of your report to each person identified."

      **RESPONSE**: Please refer to Response #2.

Plaintiff failed to respond adequately to other Interrogatories as well. When asked to describe the facts and evidence supporting her contention of "discriminatory conditions," Plaintiff instructed Defendant to "refer to her 14 year record (which you have access) and commitment to my position, and please refer to attached form labeled 'My Story.' My story has not changed."

Further, although she claims she has suffered emotional distress damages as a result of the Defendant's alleged conduct, Plaintiff refuses to identify or produce medical records from her mental health providers, contending incorrectly that Defendant already has those records. Indeed, in response to each of Defendant's 15 Requests for Production of Documents, Plaintiff responded "**[t]his is evidence related to the Lawsuit filed, due to the integrity of the item its evidence. The performance that of which must be presented in a court of law for evaluation of authenticity, therefore it must be restrained not to incriminate the suit itself with duress**" (emphasis added).

On June 8 and again on June 9, 2009, Plaintiff called defense counsel, who returned Plaintiff's calls on June 10, 2009. During that conversation, Plaintiff told defense counsel that she had called to schedule her deposition per the Court's May 5, 2009 Memorandum and Order and was available on June 12, 2009 and June 15, 2009. Defense counsel replied that Plaintiff had not fully responded to Defendant's discovery requests, that the responses did not comply with the Federal Rules of Civil Procedure or the Court's Memorandum and Order, and that Defendant would not take Plaintiff's deposition until Plaintiff had fully responded to those requests. Despite the fact that Plaintiff's responses were by then nearly two weeks overdue, defense counsel offered Plaintiff another week in which to serve complete discovery responses.

Rather than accept defense counsel's generosity, Plaintiff explained that she had been advised by a "Private at-law Natural Persons Legal Team" that she did not have to provide any further answers to Defendant's requests other than those she had already provided. Soon thereafter defense counsel sent Plaintiff a letter detailing the June 10, 2009 telephone conversation and re-stating Defendant's position that if Plaintiff did not provide complete discovery responses by June 17, 2009, then Defendant would file a Motion for Sanctions.

On June 15, 2009, Plaintiff filed her "Motion to Amend/Correct." Rather than attempt to comply with the Court's Orders and the Federal Rules, Plaintiff's Motion, as well as her Responses (documents ##20-21) to Defendant's Motion for Sanctions, merely reassert the same flimsy artifices quoted above. For example, Plaintiff states that she is "<u>compelled to restrain certain and selected facts, information, truths and or evidence that are vital, key, essential and crucial to her Lawsuit</u>. For fear to release the fore-mentioned [sic] could be injurious, incriminating, and a detriment to her case." Document #17 at 2 (emphasis added). Further, despite the Court's clear warning and Order,

5

Plaintiff persists in the belief that she may produce only what she wants to produce, stating that she "reserves the right to administer all aspects of her case <u>as she sees fit</u>, and with respect to the Order for a 'response and answer,' being of a nature of compliance to said Order and Memorandum, but <u>to the degree that would be to her benefit</u> and not to the benefit of those stand accused of injury, she in fact reserves the right of restraint" <u>Id.</u> (emphasis added). Plaintiff also inserts a purported quote from Robert E. Lee, "[i]f the opposition is innocent of the accusation, let him not shake from his responsibility to re-establish his fame."

On June 19, 2009, Defendant filed its "Motion for Sanctions Pursuant to Rule 37(b)(2)," seeking dismissal with prejudice of the Complaint. In addition to the recitation of Plaintiff's misconduct recounted above, Defendant states that Plaintiff's failure to timely and adequately produce responses to discovery requests, including her failure to provide Initial Disclosures, even after being requested and ordered to do so, have prejudiced Defendant and caused it to incur unnecessary costs and expenses.

Federal Rule of Civil Procedure 37(b) provides "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f) . . . or 37(a), the court where the action is pending may issue further just orders. [Such orders] may include . . . dismissing the action . . . in whole or in part...." Fed. R. Civ. P. 37(b)(2)(A)(v). <u>See</u> <u>Mutual Federal Savings & Loan Association v. Richards & Associates, Inc.</u>, 872 F.2d 88, 92 (4th Cir. 1989) (where unresponsive party engaged in type of bad faith conduct which must be deterred and which had prejudiced opposing party, dismissal was appropriate). The Fourth Circuit has emphasized the significance of establishing a history of dilatory action <u>and</u> warning to the offending party of what may follow prior to dismissing the action for failure to comply with discovery obligations. <u>See, e.g.</u>, <u>Hathcock v.

6

Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

Applying these legal principles, it is clear that dismissal of the Complaint is the appropriate sanction. Indeed, despite Judge Horn's general "caution" to Plaintiff, the undersigned's specific warning of what could follow, and the filing of a Motion seeking dismissal, the Plaintiff persists in her bad faith refusal to serve her Initial Disclosures, to respond to Defendant's discovery requests, or to comply with this Court's Orders, the Local Rules, or the Rules of Civil Procedure.

The Plaintiff gives no indication that any amount of remonstrance, warning, or lesser sanction, or even for that matter self interest, will be effective to dislodge her from the untenable position that she, rather than the Court, is the final authority governing her conduct in this litigation. Accordingly, the undersigned will respectfully recommend that Defendant's Motion for Sanctions be granted and that the Complaint be dismissed.

## ORDER

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion to Amend/Correct ..." (document #17) is **DENIED**.

2. All further proceedings in this action, including all discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the "Defendant's Motion for Sanctions Pursuant to Rule 37(b)(2)" (document #18) be **GRANTED** and

that the Complaint be **DISMISSED WITH PREJUDICE**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)©, written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same.  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990).  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997);  Snyder, 889 F.2d at 1365.  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Order  to pro se Plaintiff  Kimberly N. Lynch, 1636 Oaklawn Avenue, Charlotte, North Carolina 28216; to counsel for Defendant; and to the Honorable Martin Reidinger.

**SO ORDERED AND RECOMMENDED**.

Signed: July 10, 2009

David S. Cayer
United States Magistrate Judge