# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

## CIVIL CASE NO. 3:08cv340

| | | |
|---|---|---|
| **KIMBERLY N. LYNCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | <u>**MEMORANDUM OF**</u> |
| | ) | <u>**DECISION AND ORDER**</u> |
| **NOVANT MEDICAL GROUP, INC.,** | ) | |
| **d/b/a PRESBYTERIAN REGIONAL** | ) | |
| **HEALTHCARE CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Sanctions
Pursuant to Rule 37(b)(2) [Doc. 18] and the Magistrate Judge's Memorandum
and Recommendation and Order issued in relation thereto [Doc. 23], filed on
July 13, 2009, recommending that the Plaintiff's Complaint [Doc. 1] be
dismissed with prejudice pursuant to Rule 37(b)(2) of the Federal Rules of
Civil Procedure. For the reasons that follow, the Court adopts the Magistrate
Judge's Recommendation, and this case is hereby dismissed with prejudice.

## I.    PROCEDURAL BACKGROUND

On July 18, 2008, the Plaintiff Kimberly N. Lynch filed her Complaint against the Defendant Novant Medical Group, Inc. d/b/a Presbyterian Regional Healthcare Corporation, seeking damages and injunctive relief for discrimination based on the Plaintiff's race and age in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. [Doc. 1].  At that time, the Plaintiff was represented by counsel.  The Defendant filed its Answer on December 24, 2008.  [Doc. 6].  On January 12, 2009, the Court entered an Pretrial Order and Case Management Plan, directing the parties to exchange initial disclosures by February 23, 2009 and to complete discovery in this case by September 30, 2009.  [Doc. 9].

On February 5, 2009, counsel moved to withdraw from further representation of the Plaintiff.  [Doc. 10].  At a pretrial conference on February 12, 2009, the Honorable Carl Horn, III, the Magistrate Judge to whom this case was then referred, granted counsel's motion to withdraw.   In a subsequent written Order, Judge Horn warned the Plaintiff as follows:

> The Plaintiff is advised and cautioned that regardless of whether or when she retains new counsel, she will be expected and required to conduct discovery, respond to discovery requests from the Defendant,

and generally carry out any other duties and responsibilities related to this litigation with all diligence, including complying with the Local Rules, the Federal Rules of Civil Procedure, the Pretrial Order and Case Management Plan, and other Orders of the Court, on or before the expiration of the appropriate deadlines.

[Doc 13 at 1-2].

As directed by the Pretrial Order and Case Management Plan, the Defendant served its Initial Disclosures on the Plaintiff on February 23, 2009. [Doc. 15-3]. At the same time, the Defendant served the Plaintiff with its First Set of Interrogatories and Request for Production of Documents. [Doc. 15-2]. In correspondence accompanying the Defendant's disclosures and discovery requests, the Defendant's counsel requested that the Plaintiff provide her initial disclosures and advise counsel of dates that she would be available for a deposition. [Doc. 15-4]. The Plaintiff did not respond to the Defendant's discovery or to counsel's correspondence. Instead, she filed a handwritten pleading on March 23, 2009, which the Clerk docketed as a "Pro Se Motion for Extension of Time," seeking to delay the scheduling of her deposition so that she could hire an attorney. [Doc. 14]. On April 15, 2009, the Defendant filed a Motion to Compel the Plaintiff to produce her initial disclosures, to respond to the written discovery, and to respond to the Defendant's request

to take her deposition. [Doc. 15]. The Plaintiff did not respond to the Defendant's motion.

On May 5, 2009, the Honorable David S. Cayer, United States Magistrate Judge, entered an Order addressing the parties' pending motions. Noting that the Plaintiff effectively had delayed her deposition for at least sixty days through her unwillingness to communicate with defense counsel and to otherwise comply with her discovery obligations, the Magistrate Judge denied the Plaintiff's request to delay her deposition any further. [Doc. 16 at 2-3]. The Magistrate Judge then granted the Defendant's motion to compel, ordering as follows:

> a. Plaintiff shall serve complete responses to the Defendant's First Set of Interrogatories and Request for Production of Documents and her Initial Disclosures on or before May 31, 2009.
>
> b. Plaintiff shall appear for her deposition at a mutually agreed date, time and place on or before June 15, 2009, provided that if the parties are unable to agree as to a date, time and/or place, the deposition shall be conducted at the date, time, and place noticed by Defendant.

[Id. at 4]. The Magistrate Judge further admonished the Plaintiff as follows:

> [T]he Court specifically warns Plaintiff that any further failure to respond to Defendant's discovery requests or serve her Initial Disclosures, to appear for her deposition, to otherwise respond to Defendant's

4

reasonable discovery requests, or to comply with this Court's Orders, the Local Rules, or the Rules of Civil Procedure <u>will</u> result in the imposition of sanctions. **Sanctions can include Plaintiff being required to pay Defendant's costs, including reasonable attorney's fees, and <u>may also include dismissal of this lawsuit with prejudice</u>**.

[<u>Id.</u>] (emphasis in original).

The Plaintiff did not produce her Initial Disclosures to the Defendant as ordered, but she did serve the Defendant with responses to the First Set of Interrogatories and Requests for Production of Documents by May 31, 2009. In a telephone conversation with the Plaintiff on June 10, 2009, the Defendant's counsel informed the Plaintiff that her discovery responses were not adequate, and that her deposition could not be scheduled until she had provided complete responses to these discovery requests, as was previously ordered. The Defendant asserts that the Plaintiff responded that she did not have to provide any further answer to these discovery requests than she had already provided. The Defendant further asserts that the Plaintiff also stated that she had been advised by a "Private at-law Natural Persons Legal Team" not to speak to defense counsel over the telephone and that any questions that counsel had should be directed to her in writing. [Doc. 18 at 3].

After this telephone conversation, defense counsel sent the Plaintiff a letter requesting that the Plaintiff provide complete discovery responses by June 17, 2009, or the Defendant would file a motion seeking sanctions for her failure to comply with the Court's Orders and the Federal Rules of Civil Procedure. [Id. at 4]. The Plaintiff did not respond to counsel's letter. Instead, on June 15, 2009, the Plaintiff filed a handwritten pleading, which the Clerk docketed as a "Motion to Amend/Correct Answers to First Set of Interrogatories and Request for Production of Documents," seeking an extension of time to "re-answer the questions [the Defendant's] attorney are [sic] asking for." [Doc. 17 at 1].

The Defendant filed a Motion for Sanctions Pursuant to Rule 37(b)(2) on June 19, 2009. [Doc. 18]. On June 22, 2009, the Plaintiff filed with the Court her amended responses to the Defendant's discovery requests. [Doc. 20]. On June 24, 2009, the Plaintiff filed a Response to the Defendant's Motion for Sanctions, asserting that she now had provided complete responses to the Defendant's discovery requests. [Doc. 21].

Pursuant to the standing Orders of this Court, both the Plaintiff's "Motion to Amend" and the Defendant's Motion for Sanctions were referred to Judge Cayer for disposition or recommendation as to disposition, as may be

appropriate. On July 13, 2009, Judge Cayer entered a Memorandum and Recommendation and Order [Doc. 23], finding that the Plaintiff had failed to comply with the Court's prior Order to provide her Initial Disclosures and to provide complete responses to the Defendant's discovery requests, and that the Plaintiff's actions had prejudiced the Defendant and caused it to incur unnecessary costs and expenses. [Id. at 5-7]. Finding that the Plaintiff had "give[n] no indication that any amount of remonstrance, warning, or lesser sanction, or even for that matter self interest, will be effective to dislodge her from the untenable position that she, rather than the Court, is the final authority governing her conduct in this litigation," Judge Cayer denied the Plaintiff's Motion to Amend and recommended that the Defendant's Motion for Sanctions be granted and that the Plaintiff's Complaint be dismissed with prejudice. [Id. at 7].

The Plaintiff timely filed Objections to the Magistrate Judge's Recommendation on July 24, 2009. [Doc. 24].[1] The Defendant has not filed any response to the Plaintiff's Objections, and the time for filing such a response has now passed. Accordingly, this matter is now ripe for disposition.

---

[1]The Plaintiff's Objections originally were filed as a notice of appeal to the Fourth Circuit, but this appeal was later dismissed as improvidently docketed. [Doc. 29].

## II.    STANDARD OF REVIEW

The Court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Such objection must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert. denied, 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007). The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no proper objections have been raised.  See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

## III.    ANALYSIS

In her Written Objections, the Plaintiff does not specifically object to any of the Magistrate Judge's proposed findings or recommendations.  As such, a de novo review of the Memorandum and Recommendation is not warranted in this case.  In light of the fact that the Magistrate Judge has recommended dismissal of the Plaintiff's Complaint, and because dismissal is such a drastic sanction, the Court will nonetheless, out of an abundance of caution, proceed

to review the record as a whole in order to determine whether such a drastic sanction is truly warranted in this case.

Rule 37 of the Federal Rules of Civil Procedure provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders," including an order "dismissing the action or proceeding in whole or in part." <u>See</u> Fed. R. Civ. P. 37(b)(2)(A)(iv). The Court has broad discretion to impose sanctions on a party who fails to comply with the Court's discovery orders. <u>Hathcock v. Navistar Int'l Transp. Corp.</u>, 53 F.3d 36, 40 (4th Cir. 1995). When the sanction to be imposed is dismissal of an action, however, "the range of discretion is more narrow than when a court imposes less severe sanctions." <u>Id.</u> (internal quotation marks and citation omitted).

In <u>Mutual Federal Savings & Loan Ass'n v. Richards & Associates, Inc.</u>, 872 F.2d 88 (4th Cir. 1989), the Fourth Circuit established four factors for the Court to consider before dismissing an action as a sanction:

> (1) whether the noncomplying party acted in bad faith;
>
> (2) the amount of prejudice [her] noncompliance caused [her] adversary, which necessarily includes an inquiry into the materiality of the evidence [she] failed to produce;

> (3) the need for deterrence of the particular sort of noncompliance; and
>
> (4) the effectiveness of less drastic sanctions.

Id. at 92 (citing Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503-06 (4th Cir. 1977)). "Such an evaluation will insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." Id. In addition to consideration of the Mutual Federal factors, the Fourth Circuit also requires that an adequate advance warning have been given to the noncompliant party before an action is dismissed as a discovery sanction. See Hathcock, 53 F.3d at 40.

With respect to the first Mutual Federal factor, the Court finds and concludes that the Plaintiff has engaged in bad faith conduct in this case. The Plaintiff was explicitly warned following the withdrawal of her counsel that, regardless of whether or when she retained new counsel, she would be expected and required to respond to the Defendant's discovery requests in compliance with the Federal Rules of Civil Procedure and to comply with all Orders of this Court. [Doc. 13 at 1-2]. Despite this explicit warning, the Plaintiff failed to provide her Initial Disclosures to the Defendant by the deadline set forth in the Court's Pretrial Order and Case Management Plan.

[See Doc. 9 at 2 (requiring initial disclosures to be exchanged on or before February 23, 2009)]. The Plaintiff further failed to respond to the Defendant's written discovery requests, thus necessitating the filing of a motion to compel. The Plaintiff did not respond to this motion. The Court granted the motion to compel and ordered the Plaintiff to provide her Initial Disclosures and complete responses to the Defendant's discovery requests by May 31, 2009. [Doc. 16]. The Plaintiff, however, failed to comply with the Court's Order. She did not provide her Initial Disclosures to the Defendant by the deadline given, and although she did serve the Defendant with responses to its discovery requests, her responses were wholly inadequate. The Plaintiff refused to provide any information regarding persons having knowledge of her case, including the healthcare providers who had provided her with medical treatment for her claimed emotional distress, the expert witnesses whom she intended to call at trial, and persons to whom she reported the Defendant's alleged discriminatory practices, stating as follows:

> I have collaborated with several agencies both public and private, medical and or otherwise, for the support of my lawsuit, in which they have pledged support. With respect to my lawsuit and the confidence they have in favor of my case. Those of which I have pledged to stay liberties of revealing their personal information until they are called upon for that said support, for fear of possible threats, duress, or

> coercion from parties involved in my lawsuit and or
> otherwise.  Therefore there will be restraint.

[Doc. 17 at 3-4] (emphasis in original).

In response to the Defendant's interrogatories regarding the facts and evidence in support of her specific claims, the Plaintiff simply referred to her employment record and to a document entitled "My Story," which she indicates is attached to her responses but was not attached to the copy of the responses filed with the Court.  [Id. at 4].  The Plaintiff also refused to provide any information regarding her specific claims for damages, stating in response to each interrogatory regarding that subject matter: "All evidence to support this response will be at this time in restraint."  [Id. at 5-6]. Additionally, the Plaintiff's interrogatory responses were not verified.

The Plaintiff also refused to comply with the Defendant's requests for production of the Plaintiff's EEOC file, her medical records from January 2007 to the present, her tax returns for 2005 to the present, and other documents, notes, and correspondence related to the Plaintiff's claims in this action. Id. at 20-23].  As to each of these requests, the Plaintiff responded as follows:

> This is evidence related to the Lawsuit filed, due to
> the integrity of the item its [sic] evidence.  The
> performance that of which must be presented in a
> court of law for evaluation of authenticity, therefore it

must be restrained not to incriminate the suit itself
with duress.

[Id. at 6-8].

The Plaintiff's decision to hold relevant and discoverable information "in restraint" is unsupported by the Federal Rules of Civil Procedure. Under the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. A party from whom discovery is sought may move to limit or preclude discovery where the discovery sought is unreasonably cumulative or duplicative; the party seeking the discovery already has had ample opportunity to obtain the discovery; or the burden or expense of the requested discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). A party may also seek a protective order with respect to the requested discovery to protect the party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). In the present case, the Defendant's interrogatories and requests seek information that is relevant to the Plaintiff's claims. The Plaintiff does not identify any privilege that is applicable to this information, nor has she identified any proper basis under

either Fed. R. Civ. P. 26(b)(2)(C) or Fed. R. Civ. P. 26(c)(1) to limit or preclude this discovery. The Plaintiff's withholding of this discoverable information from the Defendant is therefore improper.

When contacted by the Defendant's counsel regarding the adequacy of her responses, the Plaintiff not only refused to supplement her responses but also refused to speak with counsel over the telephone, insisting that any further communications be conducted solely in writing. When counsel then communicated with her letter, however, the Plaintiff did not respond.

Although the Plaintiff eventually submitted amended responses to the Defendant's discovery requests, her responses were still wholly inadequate and not in compliance with the Federal Rules of Civil Procedure. In her amended responses, which are also unverified, the Plaintiff continues to refuse to produce any medical records or provide any information regarding her medical providers, asserting that the Defendant "has access to all my medical records" and therefore such information is available through "a more convenient source." [Doc. 20 at 3]. While the Plaintiff appears to believe that the Defendant has access to all of her medical records by virtue of its status as a medical group, there is nothing in the record that would reasonably justify this belief. In fact, the Defendant specifically has denied having access to any

such records.  The Plaintiff's refusal to produce this discoverable information is simply without any factual or legal support.[2]

The Plaintiff also continues to refuse to identify persons with knowledge of her claims, including expert witnesses and fact witnesses, and refuses to provide documents and other information regarding her claims, asserting that such information is "privileged."  [Id. at 3-9].  As the Plaintiff subsequently explains in her Response to the Defendant's Motion for Sanctions, it is the Plaintiff's position that any information that she possesses regarding her case is protected by the attorney-client privilege as she is acting as her own attorney in this matter.  [Doc. 21 at 6].  This argument is frivolous and has no support in the law.  The attorney-client privilege protects only confidential communications between a party and her attorney.  See In re Allen, 106 F.3d 582, 600 (4th Cir. 1997).  There is no basis in the law for the Plaintiff to claim this privilege merely because she is proceeding *pro se* in this matter.

---

[2]In her Objections to the Memorandum and Recommendation, the Plaintiff indicates that she is now willing to produce the requested medical records "since the defendant claims they [sic] have no access to my medical records," but she notes that "the fact remains that they [the Defendant] are my 'Doctors' and they are NOVANT MEDICAL GROUP, INC."  [Doc. 24 at 2-3].  By this statement, the Plaintiff appears to contend that the Defendant, who is the Plaintiff's former employer, also provided her medical care – even after her termination.  It also appears that the Plaintiff continues to maintain her frivolous argument that the Defendant is somehow privy to all of her medical records, even those records maintained by other healthcare providers, simply by virtue of its status as a medical group.

Moreover, even if the Plaintiff were represented by counsel, such substantive information would not become privileged simply because she communicated it to her attorney.

The Defendant has not propounded any discovery request which calls for the Plaintiff to divulge any privileged communication that she may have had with her former counsel or which otherwise calls for the disclosure of privileged information. Thus, the attorney-client privilege is simply not applicable in this case, and it was improper for the Plaintiff to assert the privilege to justify withholding relevant discovery from the Defendant.

The Plaintiff appears to argue that she is not required to respond further to the Defendant's interrogatories and requests for production as she believes they were propounded with the intent to harass, annoy, embarrass, oppress, or cause undue burden or expense to her. [See Doc. 21 at 14; Doc. 24 at 3]. Again, the Plaintiff makes an entirely frivolous argument. The Defendant's discovery requests seek the most basic information regarding the facts underlying the Plaintiff's claims: they ask the Plaintiff to provide details regarding the facts supporting her claims for discrimination and retaliation and for the identities of persons with knowledge of her allegations. The Defendant's requests also seek basic information regarding the Plaintiff's

educational background, her participation in prior criminal or civil actions, and a detailed accounting of her alleged damages. These discovery requests are clearly relevant to the claims alleged by the Plaintiff and are reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). There is nothing to suggest that these interrogatories were propounded with the intent to harass, annoy, embarrass, oppress or otherwise burden the Plaintiff.

The Plaintiff further claims that many of the Defendant's requests are "cumulative and duplicative." [Doc. 20 at 3-8]. This argument, too, is without merit. "A claim that a discovery request should be disallowed on grounds that it is duplicative is proper when the objecting party can show that 'all documentary material from which the interrogatory answer may be conveniently obtained has been previously provided.'" Cappetta v. GC Services Ltd. P'ship, No. 3:08CV288, 2008 WL 5377934, at *5 (E.D. Va. Dec. 24, 2008) (quoting In re Folding Carton Antitrust Litig., 83 F.R.D 260, 264-65 (N.D. Ill. 1979)). To date, the Plaintiff has produced only two documents to the Defendant: a list of businesses to which she has applied for employment since her termination, and a handwritten narrative entitled "My Story." As neither of these documents has been included in the record, they cannot be

reviewed by the Court. It would be highly unlikely, however, that these two documents alone adequately address all of the subject matters covered by the Defendant's discovery requests.

While the Plaintiff indicates in her Objections to the Memorandum and Recommendation that she is willing to "abide by the Civil Rules, Laws, and Procedures of the court," [Doc. 24 at 3], the Plaintiff's conduct to date belies this assertion. Although she has been warned explicitly that failure to comply with the Orders of this Court would result in the imposition of sanctions and possibly the dismissal of this lawsuit, the Plaintiff has engaged in a pattern of noncompliance with the Court's Orders. See Mutual Federal, 872 F.2d at 93 (finding defendants acted in bad faith by engaging in "a pattern of indifference and disrespect to the authority of the court"). She has failed to provide her Initial Disclosures to the Defendant, despite being ordered twice to do so. She failed to respond timely to the Defendant's discovery requests and had to be compelled to respond. The discovery responses that she finally did serve were unresponsive and wholly inadequate. Additionally, she has steadfastly refused to comply with the most basic discovery requests by asserting frivolous arguments that have no basis in law or fact. For these

reasons, the Court concludes that the Plaintiff's conduct has been willful and in bad faith.

The Court further finds and concludes that the Plaintiff's willful non-compliance has resulted in prejudice to the Defendant. This matter is scheduled for trial during the Court's February 2010 term. The discovery deadline is September 30, 2009 and is quickly approaching. To date, however, the Defendant has not been able to obtain any meaningful discovery from the Plaintiff. Without the Plaintiff's discovery responses and initial disclosures, the Defendant has been unable to prepare a defense, take depositions or otherwise prepare for trial. Additionally, the Defendant has incurred unnecessary and avoidable costs in the form of attorney's fees for the preparation of the Motion to Compel and the Motion for Sanctions.

Next, the Court finds and concludes that the need for deterrence warrants the imposition of a strong sanction in this case. The Federal Rules of Civil Procedure are designed to ensure "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. This goal is thwarted when a party feels free to disregard the Rules and the Orders of the Court. A *pro se* litigant, like any other litigant who appears before the Court, has the obligation to obey the Court's Orders and to participate in

discovery. "*Pro se* litigants must understand that they are not completely immune to sanctions simply because they lack counsel." Ray v. Ingles Markets, Inc., No. CIV. 1:01CV263, 2002 WL 663908, at *3 (W.D.N.C. Apr. 22, 2002) (citing Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989)). To ignore the Plaintiff's noncompliance in this case "would encourage other litigants to flirt with similar misconduct." Mutual Federal, 872 F.2d at 93.

Finally, the Court concludes that there is no reason to believe that a less drastic sanction would be effective in this case. The Plaintiff has been warned explicitly that failure to comply with the Orders of this Court and with the Rules of Civil Procedure would result in sanctions. [Doc. 16 at 4]. Despite this explicit warning, and despite having ample opportunity to comply with the Court's Orders, the Plaintiff has insisted on a course of obstreperous behavior, refusing to answer the Defendant's reasonable discovery requests and asserting frivolous arguments. The Plaintiff's noncompliance effectively has stalled this litigation now for six months. For all of these reasons, the Court concludes that the imposition of the severe sanction of dismissal with prejudice is warranted in this case.

## IV.    CONCLUSION

After a careful review of the Magistrate Judge's Recommendation, the Court finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation [Doc. 23] that the Defendant's Motion for Sanctions Pursuant to Rule 37(b)(2) [Doc. 18] be granted and that the Plaintiff's Complaint be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Sanctions Pursuant to Rule 37(b)(2) [Doc. 18] is **GRANTED**, and the Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.

A Judgment consistent with this Order shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: September 4, 2009

Martin Reidinger
United States District Judge